77 F.3d 503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order
Robert MILLER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 95-3001.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1996.
Rehearing Denied Feb. 28, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Miller petitions for review of a final decision of the Merit Systems Protection Board which dismissed his appeal for lack of jurisdiction. Bergon v. United States Postal Serv., 64 M.S.P.R. 228 (1994). We affirm.
 
 
 2
 Although not understood, or at least not acknowledged, by the agency at the time, Miller's job was eliminated by an agency RIF. "A RIF is an administrative procedure by which agencies eliminate jobs and account for employees who occupied abolished positions." Huber v. Merit Sys. Protection Bd., 793 F.2d 284, 286 (Fed.Cir.1986). A RIF is not an adverse action initiated against a particular employee due to the employee's conduct or performance. Id. An employee whose job is eliminated by a RIF cannot appeal that action as an adverse action. See Schall v. United States Postal Serv., No. 94-3644, slip op. at 5-6 (Fed.Cir. Jan. 3, 1996). Since Miller is not a preference eligible employee of the Postal Service, he has no other rights of appeal from the RIF which eliminated his job. Id.
 
 
 3
 Miller also has not convinced us that the board committed reversible error in determining that he voluntarily returned to a craft position or that the agency was under no obligation to allow him to rescind his election to return to a craft position. See 5 U.S.C. § 7703(c) (1994).